1  JASON F. MEYER  (SBN:  190800)
   jmeyers@grsm.com
2  J. TODD KONOLD  (SBN:  222616)
   tkonold@grsm.com
3  JOSE A. VEGA ZAMUDIO  (SBN:  347374)
   jvega@grsm.com
4  GORDON REES SCULLY MANSUKHANI, LLP
   101 W. Broadway, Suite 2000
5  San Diego, CA 92101
   Telephone:  (619) 230-7767
6  Facsimile:  (619) 696-7124

7  Attorneys for Defendant
   ISS ACTION, INC.

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  JULIAN VAZQUEZ and RANDY          )  CASE NO. **'24CV1836 LL    SBC**
    SUTTON, individuals, on behalf of )
13  themselves and on behalf of all persons )  [Imperial County Superior Court
    similarly situated,               )  Case No. ECU003698]
14                                    )
                         Plaintiffs,  )  **NOTICE OF REMOVAL OF**
15                                    )  **ACTION UNDER 28 U.S.C.**
        vs.                           )  **1441(b) (DIVERSITY)**
16                                    )
    ISS ACTION, INC., a New York      )
17  Corporation; and DOES 1 through 50, )  [Filed concurrently with
    inclusive;                        )  Certification and Notice of
18                                    )  Interested Parties; and
                         Defendant.   )  Civil Case Cover Sheet]
19                                    )
                                      )
20                                    )

21                    __NOTICE OF REMOVAL__

22  TO THE CLERK OF THE ABOVE ENTITLED COURT:

23          COMES NOW, ISS ACTION, INC. ("Defendant"), which files this Notice

24  of Removal of this case from the Superior Court of the State of California for the

25  County of Imperial to the United States District Court for the Southern District

26  of California pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.  Defendant

27  files this Notice of Removal with full reservation of any and all rights, defenses

28  and objections, including but not limited to, insufficiency of process,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, statute of limitations, preemption, and no cause of action. In support of this Notice of Removal, the Defendant states as follows:

## INTRODUCTION

1.    On August 30, 2024, Plaintiffs Julian Vasquez and Randy Sutton ("Plaintiffs") filed a Class Action Complaint against Defendant in the Imperial County Superior Court in the matter entitled *Julian Vasquez and Randy Sutton v. ISS Action, Inc.*; *and DOE 1 to 50, inclusive*, Case No. ECU003698 (the "State Court Action"). Plaintiffs' Complaint asserts the following causes of action: (1) Failure to Pay Minimum and Overtime Wages.; (2) Failure to Provide Required Meal Periods; (3) Failure to Authorize and Permit Required Paid Rest Breaks; (4) Failure to Reimburse Required Expenses.; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Failure to Pay All Wages Owed Upon Separation; and (7) Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*). In accordance with to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Petitioner in the state court proceedings is attached hereto as "Exhibit A."

## VENUE

2.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1441(a) because the county in which the State Court Action is pending is found within this District.

## THE NOTICE OF REMOVAL IS TIMELY

3.    On September 11, 2024, Plaintiffs served Defendant with a Summons and Complaint for Damages. Defendant files this Notice of Removal within thirty (30) days of its receipt of the initial pleadings and within one year of the commencement of the lawsuit as required by 28 U.S.C. § 1446(b). Accordingly, removal of this action is timely. No prior application for removal has been made.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DIVERSITY JURISDICTION EXISTS**

4.    This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 and is one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.  Specifically, Title 28 U.S.C. § 1441(a) provides that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as Defendants is a citizen of the state in which such action is brought."  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) and, this action is removable to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

5.    Based on the Plaintiffs' personnel records, Plaintiffs reside in the State of California.  (Declaration of Hannah Schuster ¶ 4.)

6.    A corporation is deemed to be a dual citizen of both its state of incorporation and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1). Defendant is a corporation organized and existing under the laws of the State of New York with its principal place of business in Florida.  Thus, pursuant to *Carden v. Arkoma Associates,* 494 U.S. 185, 195 (1990) and 28 U.S.C. § 1332(c) (1), Petitioner is a citizen of New York and Florida.

7.    Defendants "DOES 1 through 50" were sued under "fictitious names." *See* Exhibit A at Plaintiff's Class Action Complaint, p.2, para. 12. 28 U.S.C. § 1441(a) provides that "for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  Thus, for purposes of establishing diversity of citizenship, this Court need not consider the citizenship of DOES 1-50.  *See* 28 U.S.C. § 1441; *see also Fed. Ins. Co. v. Brasscraft Mfg. Co.,* No. CV 13-08867 MIMM EX, 2014 WL 545786, at *3 (C.D. Cal. Feb. 10, 2014).

8.    Thus, complete diversity of citizenship exists between the Plaintiffs

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

and the Defendant.

## **THE AMOUNT IN CONTROVERSY IS SATISFIED**

9.    Included in the amount in controversy are claims for special and general damages, attorneys' fees, and punitive damages.  *Lippold v. Godiva Chocolatier, Inc.,* No. C 10-00421 SI, 2010 WL 1526441, at *1 (N.D. Cal. Apr. 15, 2010).   The allegations as set forth in Plaintiffs' Class Action Complaint establish an amount in controversy in excess of $75,000.  Specifically, Plaintiffs request the following damages in their Complaint:

a.    In their First Cause of Action, Plaintiffs allege violations of California Labor Code Sections 510, 1194, and 1197 and demands "the full amount of unpaid wages, liquidated damages, pre-judgment interest, reasonable award of attorneys' fees and costs of suit" pursuant to Labor Code Sections 1194, 1194.2, and 1194.3.

b.    In their Second Cause of Action, Plaintiffs allege additional violations of California Labor Code Sections 226.7 and 512 and demand the full amount of their unpaid additional wages for unprovided meal periods pursuant to California Labor Code Section 218, attorneys' fees and costs under Labor Code Section 218.5, and prejudgment interest on the additional wages owed for missed meal periods at the lawful rate of pay pursuant to Civil Code Section 3287(a) or Labor Code Section 218.6.

c.    In their Third Cause of Action, Plaintiffs allege additional violations of California Labor Code Sections 226.7 and 512 and demand the full amount of their unpaid additional wages for missed rest breaks pursuant to California Labor Code Section 218, attorneys' fees and costs under Labor Code Section 218.5, and prejudgment interest on the additional wages owed for missed rest breaks at the lawful rate of pay pursuant to Civil Code Section 3287(a) or Labor Code Section 218.6.

d.    In their Fourth Cause of Action, Plaintiffs allege additional violations of Labor Code Section 2802 and "demand reimbursement for expenditures or

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (DIVERSITY)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

losses incurred by them and the other Class Members in the discharge of their duties for Defendants, or their obedience to the directions of Defendants, with interest at the statutory rate and attorneys' fees and costs under Labor Code Section 2802."

e.    In their Fifth Cause of Action, Plaintiffs allege additional violations of Labor Code Sections 226(a) and 226.2 and demand the full amount of penalties and attorneys' fees and costs of suit pursuant to Labor Code Section 226(e).

f.    In their Sixth Cause of Action, Plaintiffs allege violations of Labor Code Sections 201 and 202 and demand the full amount of their unpaid wages, unpaid penalty wages, reasonable attorneys' fees and costs of suit, prejudgment interest on all due and unpaid wages and penalty wages under Labor Code Sections 218.6 and Civil Code Section 3287(a).

g.    In their Seventh Cause of Action, Plaintiffs allege violations of Business and Professions Code Section 17200, *et seq.* and demand the equitable relief, including restitution, attorneys' fees and costs, declaratory relief, and a permanent injunction under Business and Professions Code Section 17200, *et seq.*

10.    Plaintiffs styled this matter as an Unlimited Complaint for Damages. By definition, an unlimited civil case in California state court is one where the amount in controversy exceeds the sum of $35,000.  *See* California Code of Civil Procedure 85-88.  Thus, at a minimum, Plaintiffs seek $35,000 in general damages in connection with each of their seven causes of action on behalf of themselves and the putative class members.

11.    Additionally, Plaintiffs seek attorneys' fees in connection with seven of their causes of action. Where attorneys' fees are available to a prevailing party as a matter of right, they can be considered when determining the amount in controversy.  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (DIVERSITY)

controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 1004, 1011-1011 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

12.    In employment cases, fee awards tend to be high.  This amount alone can sometimes eclipse the $75,000 amount in controversy requirement for diversity jurisdiction.  *Simmons v. PCR Technology,* 209 F. Supp.2d 1029, 1035 ("[M]aintaining a race discrimination claim will undoubtedly require substantial effort from counsel.  The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Flannery v. Prentice,* 26 Ca1.4th 572, 576 (2001) ("$891,042 in fees for the underlying case and $80,642 in fees and expenses for fee work" in FEHA action affirmed by Court of Appeal); *Akers v. County of San Diego,* 95 Cal.App.4th 1441, 1445 (2002) (affirming $249,345 in attorney fees in pregnancy/gender discrimination case).

13.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and is between citizens of different states.

**NOTICE IN STATE COURT**

14.    A copy of this Notice of Removal is being served on the Plaintiffs and will be filed in the record of the Superior Court of the State of California for the County of Imperial.

**RESERVATION OF RIGHTS**

15.    Defendant reserves the right to amend or supplement this Notice of Removal.

16.    Defendant reserves all rights, defenses, and objections, including,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

without limitation, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper cumulation, no right of action, lack of standing, statute of limitations, preemption, and not cause of action.

## **JURY DEMAND**

17.    Defendant requests a trial by jury of all issues.

**WHEREFORE**, Defendant gives notice that the matter styled as *Julian Vasquez and Randy Sutton v. ISS Action, Inc.; and Does 1-50, inclusive*, which was filed in the Superior Court of the State of California for the County of Imperial, is hereby removed to the United States District Court for the Southern District of California, and requests that this Court retain jurisdiction for all further proceedings.

Dated: October 11, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By:    */S/ J. Todd Konold*

Jason F. Meyer
J. Todd Konold
Jose A. Vega Zamudio
Attorneys for Defendant
ISS ACTION, INC.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (DIVERSITY)